## POTTER *v.* SPEER

APPEAL AND ERROR—NONJURY TRIAL—FINDINGS OF FACT.
  Findings of fact will not be set aside unless clearly erroneous
    in an appeal from the determination of a trial court sitting
    without a jury (GCR 1963, 517.1).

Appeal from Common Pleas Court of Detroit, John W. Connolly, J. Submitted Division 1 February 4, 1969, at Detroit. (Docket No. 5,095.) Decided February 28, 1969. Rehearing denied April 4, 1969. Leave to appeal denied June 11, 1969. See 382 Mich 759.

Complaint by John L. Potter, administrator of the estate of Ethel M. Potter, deceased, against William E. Speer to recover certain attorney fees wrongfully held by defendant. Judgment for plaintiff. Defendant appeals. Affirmed.

*Carl Schweikart,* for plaintiff.

*William E. Speer, in propria persona.*

BEFORE: LESINSKI, C. J., and T. M. BURNS and KELLEY,* JJ.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 839,

Per Curiam. In August of 1964, plaintiff's decedent consulted defendant, an attorney, regarding her domestic difficulties. Thereafter, defendant represented decedent in the sale of decedent's family residence and in negotiations preliminary to a property settlement between decedent and her husband. No fee arrangements had been established prior to decedent's demise.

Following sale of the family residence in July of 1966, part of the proceeds of sale, $7,644.70, was paid by check jointly to defendant attorney and plaintiff's decedent. The check was indorsed by decedent to defendant and deposited by defendant in his personal account. On August 5, 1966, defendant sent his personal check to decedent in the amount of $4,133.27, and retained $3,500 as his legal fee for past and future services in connection with the divorce. Following this receipt, on September 3, 1966, plaintiff made a telephone request for explanation of the fee. On September 13, 1966, the defendant, in answering the request, set forth his time schedule with reference to the divorce action. The time schedule indicated that defendant worked 7.1 hours on decedent's case. No further correspondence occurred, the decedent having died on September 29, 1966, of a stroke.

On August 3, 1967, plaintiff, as administrator of decedent's estate, after numerous demands, commenced an action against defendant to obtain recovery of the $3,500 less a reasonable attorney's fee.

The Common Pleas Court for the city of Detroit determined the cause of action to be in assumpsit, found that plaintiff's decedent had made a demand for monies retained by defendant prior to institution of suit, and entered a judgment for plaintiff's decedent of $2,500 plus interest and costs,

Defendant's sole contention on appeal is that there was no evidence that a demand was made of him by the decedent for monies retained prior to the institution of the suit. Defendant does not appeal the lower court's finding as to the reasonableness of the fee.

In an appeal from the determination of a trial court sitting without a jury, findings of fact will not be set aside unless clearly erroneous. GCR 1963, 517.1. Upon a review of the record, we conclude that sufficient evidence was presented from which the trial court could find that the decedent made a demand for monies improperly retained by defendant.

Affirmed. Costs to appellee.